UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, an individual Michigan resident
filing anonymously under a fictitious name,

      Plaintiff,

v.

MAMOUN DABBAGH, M.D.,

      Defendant.

Case No. 2:15-cv-10724
Hon. Stephen J. Murphy, III
Mag. Elizabeth A. Stafford

_____

Nakisha N. Chaney (P65066)
NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C.
Attorney for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, Michigan 48104
(734) 663-7550
_____/

## PLAINTIFF'S MOTION TO PROCEED WITH PSEUDONYMOUS STATUS

Plaintiff is a human trafficking survivor who was beaten, raped and provided to others for sex and labor during her ordeal. (Ex. A, Dckt No. 1 at ¶¶17-18). Plaintiff's trafficker, Mark White, used multiple coercive means to control Plaintiff, including forcing her to take psychotropic medications such as Adderall. (*Id.* at ¶¶18, 49-57). Adderall is a controlled stimulant that can alter a person's mood and activity.

(*Id*. at ¶¶25-28). It is classified by the DEA as a Schedule II drug with addictive qualities and a high risk of dependence. (*Id*. at ¶¶25-26).

Defendant Mamoun Dabbagh is a licensed psychiatrist who, at the request of Plaintiff's trafficker, wrote prescriptions for Adderall and Celexa in Plaintiff's name, knowing that White intended to have Plaintiff take the pills. (*Id*. at ¶¶41-55, 70, 71(e)). White used the pills and other drugs to facilitate his ability to control and traffic Plaintiff. (*Id*. at ¶57). In doing so, he subjected Plaintiff to multiple acts of sexual and physical degradation, including raping her and forcing her to provide massage and sexual services to other men. (*Id*. at ¶¶17-18)

In May 2013, Plaintiff escaped and reported his crimes. (*Id*. at ¶63). When law enforcement arrived at his home with a warrant, White committed suicide. (*Id*. at ¶¶64-65). On February 26, 2015, Plaintiff filed a complaint against Defendant Dabbagh, asserting that he knowingly benefitted from participation in a venture which he knew or should have known involved trafficking. (*Id*. at ¶68). Plaintiff seeks to proceed under pseudonymous status as this case will involve the disclosure of highly intimate facts with great potential to stigmatize and embarrass Plaintiff.

## **ARGUMENT**

Federal Rule of Civil Procedure 10(a) "requires plaintiffs to disclose their names in the instrument they file to commence a lawsuit." Fed. R. Civ. P. 10(a). However, there "is precedent for departing from procedural custom…to

accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981). In considering whether to allow a plaintiff to proceed anonymously, courts generally weigh "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall,* 653 F.2d at 186. The Sixth Circuit has emphasized four considerations to weigh in determining whether to allow plaintiffs to proceed pseudonymously. They include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Pseudonymous status is warranted here because Plaintiff will (and has through the complaint) disclosed information of the "utmost intimacy." This case involves multiple acts of rape and sexual assault arising from and related to Plaintiff's subjection to human trafficking. Sexual abuse, particularly of the degree and severity suffered by Plaintiff during the course of being trafficked, is certainly a matter of "the utmost intimacy," and thus pseudonymous status is appropriate. *See, e.g, Doe v. Penzato*, No. CV10-5154, 2011 U.S. Dist. LEXIS 51681 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously to plaintiff making allegations of sex

trafficking and sexual assault), **Ex. B**; *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *Roe v. St. Louis Univ.*, No. 4:08CV 1474, 2009 U.S. Dist. LEXIS 27716 at *13-14 (E.D. Mo. Apr. 2, 2009) (granting anonymous status to rape victim), **Ex. C**.

## CONCLUSION

Plaintiff was subjected to multiple acts of sexual degradation and violence while being trafficked. Thus, as evident by the complaint, this litigation will involve the exposure of facts that are intensely intimate, with great potential to cause Plaintiff to suffer public stigma or embarassment. Plaintiff therefore requests permission to proceed under a pseudonym. Plaintiff has not sought concurrence as Defendant has not yet filed an appearance.

                                  Respectfully submitted,
                                  NACHT, ROUMEL, SALVATORE,
                                  BLANCHARD & WALKER, P.C.

Dated: March 6, 2015              /s/ Nakisha N. Chaney
                                  Nakisha Chaney (P65066)
                                  Attorney for Plaintiff
                                  101 N. Main Street, Suite 555
                                  Ann Arbor, Michigan 48104
                                  (734) 663-7550
                                  *nchaney@nachtlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and served a copy upon Defendant Dabbagh at his last known address by first-class mail.

                                              Respectfully submitted,
                                              NACHT, ROUMEL, SALVATORE,
                                              BLANCHARD & WALKER, P.C.

Dated: March 6, 2015                    /s/ Nakisha N. Chaney
                                              Nakisha Chaney (P65066)
                                              Attorney for Plaintiff
                                              101 N. Main Street, Suite 555
                                              Ann Arbor, Michigan 48104
                                              (734) 663-7550
                                              nchaney@nachtlaw.com