# Exhibit C



JOAN ROE, MARY ROE, AND JOHN ROE, Plaintiff(s), vs. ST. LOUIS
UNIVERSITY and DOE DEFENDANTS 1-50, Defendant(s).

Case No. 4:08CV 1474 JCH

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MISSOURI, EASTERN DIVISION

*2009 U.S. Dist. LEXIS 27716*

April 2, 2009, Decided
April 2, 2009, Filed

SUBSEQUENT HISTORY: Motion granted by *Roe v. St. Louis Univ., 2010 U.S. Dist. LEXIS 2940 (E.D. Mo., Jan. 14, 2010)*

COUNSEL: [*1] For Joan Roe, Mary Roe, John Roe, Plaintiffs: Dawn M. Guillory, Jennifer C. Best, LEAD ATTORNEYS, PRO HAC VICE, KELLY LAW FIRM, P.C., Richmond, TX; Heidi O. Vicknair, Lannie Todd Kelly, LEAD ATTORNEYS, PRO HAC VICE, KELLY LAW FIRM, P.C., Houston, TX.

For St. Louis University, Defendant: Neal F. Perryman, LEAD ATTORNEY, Jami L. Boyles, LEWIS RICE, St. Louis, MO.

JUDGES: Jean C. Hamilton, UNITED STATES DISTRICT JUDGE.

OPINION BY: Jean C. Hamilton

OPINION

MEMORANDUM AND ORDER

This matter is before the Court on Defendant Saint Louis University's Motion to Dismiss Plaintiff's Complaint, filed November 20, 2008. (Doc. No. 8). This matter is fully briefed and ready for disposition.

BACKGROUND

1

1   The Court's background section is taken from Plaintiffs' Complaint, to which Defendant St. Louis University has not yet filed an answer.

Plaintiff Joan Roe ("Joan") and her parents, Mary and John Roe (the "Roes") (collectively "Plaintiffs") bring this suit under fictitious names. Joan was a student at Defendant Saint Louis University ("Defendant" or "SLU") from August, 2006, to December, 2006. (Complaint and Jury Demand ("Compl."), P 2). Joan attended SLU on an athletic scholarship for field hockey. (Id., P 7).

On or about September [*2] 27, 2006, Joan developed back pain during her field hockey practice. (Compl., P 8). She reported the pain to the team trainer the same day, but was not referred to the health clinic at SLU until October 3, 2006. (Id., PP 8, 9). At the health clinic Joan was seen by a resident health care practitioner in training, and prescribed pain relievers and muscle relaxants with narcotic effects. (Id., P 9). No one from the SLU Athletic Department or SLU Clinic advised any of Joan's professors or her academic-department advisor that she had been placed under the influence of narcotics. (Id.).

2009 U.S. Dist. LEXIS 27716, *2

Although Joan's field hockey coaches purported to place her on limited duty due to her injury, she was in fact directed to continue practicing, often enduring double duty. (Compl., P 10). Joan further was required to participate in a weight lifting strength test, despite having advised the assistant strength and conditioning coach that she was suffering from a back injury. (Id.).

On November 6, 2006, x-rays were taken of Joan's back, which had not gotten any better. (Compl., P 11). The Roes traveled to St. Louis to be with their daughter for the tests. (Id.). At John Roe's request, an MRI was taken on November [*3] 8, 2006. (Id., P 12). The MRI revealed a herniated disc at the L5-S 1 level, with narrowing of the spinal canal and mass effect on the S 1 nerve root. (Id.). Joan continues to undergo treatment for the injury to this day. (Id.).

On October 27, 2006, Joan was raped at a SLU fraternity party. (Compl., P 14). Joan told a teammate about the incident, and the teammate indirectly relayed this information to the NCAA Compliance Officer for SLU. (Id., PP 15, 16). The NCAA Compliance Officer and the Head and Assistant Coaches of the field hockey team subsequently met with Joan, and Joan verified the sexual assault. (Id., P 17). Plaintiffs allege SLU's officials responded to the report of the sexual assault in numerous inappropriate ways. Among other things, Plaintiffs allege SLU officials suspended Joan from the field hockey team 2; referred Joan to a general counselor, rather than a rape crisis specialist; failed to share information regarding the assault with Joan's professors or academic-department advisor; failed to encourage Joan to reveal the identity of her assailant, or to tell the authorities or her parents of the assault; and failed to make any special accommodations to ensure Joan [*4] would not endure further contact with the assailant. (Id., PP 18-23, 26).

> 2 Plaintiffs maintain Joan needed the support of her teammates at the time. (Compl., P 18).

By early November it was clear that Joan was not performing academically at SLU. (Compl., PP 28-29). On November 6, 2006, the Roes met with the Associate Dean of Athletics and the NCAA Compliance Officer, to discuss their daughter's situation. (Id., P 32). During this meeting the Roes were not informed about the sexual assault, nor were they told of Joan's suspension from the field hockey team. 3 (Id., PP 31, 32). They were, instead, encouraged to punish their daughter for her failing grades. (Id., P 33). The Roes took this advice and

punished Joan by cancelling a planned vacation over the Thanksgiving holiday. (Id., P 53).

> 3 Joan maintains she was never informed she was suspended from the team, but instead understood only that she was relieved of her team obligations while she dealt with the trauma of the injury and sexual assault. (Compl., P 30).

On November 15, 2006, Joan was terminated entirely from the field hockey team. (Compl., P 29). 4 John Roe requested that the dismissal be characterized as a medical withdrawal, [*5] but the request was denied. (Id., PP 35-38).

> 4 The termination purportedly was based on Joan's academic performance, including her failure to attend classes or admit to missing classes, and her having been suspended from the field hockey team on November 1, 2006. (Compl., P 29).

While home on Christmas break, Joan told her parents of the sexual assault. (Compl., P 39). John Roe then made several calls to Father Biondi, the President of SLU, in an attempt to figure out what was going on with his daughter, and to see if there was a way to salvage her academic record. (Id., P 40). His calls were never returned. (Id.). With assistance from the Jesuit Conference, John Roe finally was granted a conference with Father Biondi on February 5, 2007. (Id., P 41). While Joan eventually was granted a medical withdrawal from SLU, this meant that her first semester at college yielded no academic credits. (Id., P 42). Joan has since moved back home with her parents, and now attends the University of Hawaii. (Id.). She spent a semester out of school, and has been in counseling continuously since the fall of 2006, for the assault and her "treatment at the hands of the University." (Id., P 42-43).

Plaintiffs [*6] filed their Complaint in this matter on September 25, 2008. (Doc. No. 1). Plaintiff Joan Roe asserts the following causes of action against SLU and Doe Defendants 1-50: Negligence, and Title IX--Disparate Treatment, based on Defendants' actions with regard to Joan's back injury (Counts I and III); and Title IX--Deliberate Indifference, based on Defendants' actions with respect to the sexual assault (Count II). All Plaintiffs assert the following causes of action against Defendants: Intentional Misrepresentation/False Promise, and Negligent Misrepresentation, based on Defendants'

2009 U.S. Dist. LEXIS 27716, *6

representations with respect to Joan's enrollment at SLU and participation in the athletic department programming (Counts IV and V); Intentional Infliction of Emotional Distress, based on Defendants' outrageous response to Joan's reporting of a sexual assault (Count VI); and Breach of Contract, based on Defendants' violation of various agreements Plaintiffs signed with the University (Count VII).

As stated above, Defendant SLU filed the instant Motion to Dismiss on November 20, 2008. (Doc. No. 8). Defendant asserts that Plaintiffs' Complaint must be dismissed for lack of jurisdiction, because they filed the [*7] lawsuit using fictitious names without first petitioning this Court for permission to do so. (Defendant St. Louis University's Memorandum in Support of its Motion to Dismiss ("SLU's Memo in Supp."), P. 1). Defendant also asserts that Plaintiffs' claim for intentional infliction of emotional distress must be dismissed for failure to state a claim upon which relief can be granted. (Id.). Finally, Defendant argues the claims against the fifty unidentified defendants must be dismissed because this Court lacks jurisdiction over unnamed defendants, and because Plaintiffs failed to state claims against them based on Title IX or breach of contract. (Id., P. 9).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)*. Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)* (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to [*8] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)* (abrogating the "no set of facts" standard for *Fed.R.Civ.P. 12(b)(6)* found in *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))*. Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." *Id. at 1965* (citations omitted).

**DISCUSSION**

**I. Failure To Sue In Plaintiffs' Proper Names**

In its Motion to Dismiss, Defendant first asserts Plaintiffs' Complaint must be dismissed for lack of jurisdiction, because Plaintiffs brought suit under pseudonyms without first petitioning this Court for permission to do so. (SLU's Memo in Supp., P. 3). Furthermore, even if Plaintiffs properly had petitioned this Court for permission to sue under pseudonyms, Defendant argues this case does not "present rare and exceptional facts such that suing under a pseudonym would be permissible." (Id.).

*Rule 10(a) of the Federal Rules of Civil Procedure* requires that, "[t]he title of the complaint must name all the parties." Pursuant to this rule, there is a "strong presumption against allowing parties to use a pseudonym." *W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D. Mo. 1999)* [*9] (citations omitted). "The reason for the presumption is a *First Amendment* interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." Id. (citation omitted). See also *Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997)* ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."). Courts occasionally have recognized exceptions to the requirement that parties' names be stated in the case caption for various reasons, however, including cases involving, "limited 'matters of a sensitive and highly personal nature.'" *W.G.A., 184 F.R.D. at 617*, quoting *Heather K. v. City of Mallard, Iowa, 887 F.Supp. 1249, 1255 (N.D. Iowa 1995)*.

Neither the Eighth Circuit nor the Supreme Court has provided guidance on when a pseudonym may be used. Many federal courts of appeal and numerous district courts have addressed the issue, however. These courts have held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff, [*10] "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)* (internal quotations and citation omitted). See also *M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998)*; *Sealed Plaintiff v. Sealed Defendant, 537 F. 3d 185, 189 (2nd Cir. 2008)*; *Doe v. Advanced Textile Corp. 214 F. 3d 1058, 1068 (9th Cir. 2000)*; *EW v. New York Blood Ctr., 213 F.R.D. 108, 110 (E.D.N.Y.*

2009 U.S. Dist. LEXIS 27716, *10

*2003); Heather K. v. City of Mallard, 887 F. Supp. at 1255-56*. The courts have identified several factors common to cases in which the plaintiff has been permitted to proceed under a fictitious name, including "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Doe H.M. v. St. Louis County, 2008 U.S. Dist. LEXIS 2691, 2008 WL 151629 at *1 (E.D. Mo. Jan. 14, 2008)*, citing *Doe v. Frank, 951 F.2d at 323*.

In the instant case, Plaintiffs allege this case involves "very private and personal matters," because it relates to "their personal [*11] sexual lives." (Plaintiffs Joan Roe, Mary Roe and John Roe's Suggestions in Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Sugg. in Opp."), P. 4). This relation to Plaintiffs' sexual lives, and consequently, their case for pseudonymity, is based on Joan Roe's alleged sexual assault. Defendant cites several cases where courts have found that an allegation of sexual assault in a civil case does not qualify as "highly sensitive" or, as other courts have termed it, as "a matter of utmost intimacy." See, e.g., *Doe v. Hartz, 52 F. Supp. 2d 1027, 1034, 1048 (N.D. Iowa 1999)* (holding allegations of "an unsolicited kiss and a rub on the back" by a priest did not warrant bringing suit anonymously); *Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)* (holding plaintiff may not prosecute using a fictitious name when the plaintiff alleged in the complaint she was "the victim of a brutal sexual assault"); *Doe v. University of Rhode Island, 1993 U.S. Dist. LEXIS 19257, 1993 WL 667341 (D.R.I. 1993)* (refusing to let the student plaintiff use a pseudonym in a suit claiming the university's negligence caused the sexual assault of the plaintiff).

Hartz, the case Defendant classifies as "strongly analogous" to the case at [*12] hand (SLU's Memo in Supp., P. 5), is easily distinguishable from this case. In Hartz, the alleged sexual assault involved a kiss on the neck and rub on the back. *52 F. Supp.2d at 1035*. The Court finds these facts substantially less private than the allegation here, that Joan was the victim of a rape. Furthermore, while the sexual assaults did rise to the level of rape in Shakur and University of Rhode Island, other factors in the balancing test, not present here, led those courts to hold anonymity was not necessary. Specifically, in those cases there was evidence that the plaintiffs' names had already been publicly disclosed. For

example, in Shakur, the plaintiff conceded that the media had known her name for some time. *164 F.R.D. at 362*. In University of Rhode Island, there was some indication the plaintiff had been named in prior litigation involving the incident. *1993 U.S. Dist. LEXIS 19257, 1993 WL 667341 at *1*. Therefore, allowing plaintiffs to sue anonymously was not necessary to keep sensitive matters private, since they were already public.

When sexual assault rises to the level of rape, at least one court has indicated that anonymity is warranted. In Doe v. Blue Cross & Blue Shield, the Seventh Circuit [*13] noted, "fictitious names are allowed when necessary to protect the privacy of children, **rape victims**, and other particularly vulnerable parties...." *112 F. 3d at 872* (emphasis added). See also *Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004)* (emphasis added) (in denying the right to proceed anonymously, court emphasized the fact that the plaintiff was, "not a minor, **a rape or torture victim**, a closeted homosexual, or ... a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing").

In the instant case the allegations of the Complaint include the fact that Joan is a rape victim, and that her status as such would become publically known if she were required to file suit using her true name. "It is understandable that plaintiff does not wish to be publicly identified as [a rape victim], which is a personal matter of the utmost intimacy." *W.G.A., 184 F.R.D. at 617*. Upon consideration, the Court concludes the interest in preserving Plaintiffs' privacy through the use of pseudonyms outweighs the public interest in ascertaining their true identities, and so Plaintiffs will be allowed to proceed under pseudonyms in the instant [*14] case. See *Doe H.M. v. St. Louis County, 2008 U.S. Dist. LEXIS 2691, 2008 WL 151629 at *1.* [5]

> [5] As further support for its ruling, the Court notes Defendant here knows Plaintiffs' true identities, and does not identify how its ability to conduct discovery or impeach Plaintiffs' credibility will be impaired if pseudonyms are allowed. *Doe No. 2 v. Kolko, 242 F.R.D. 193, 198 (E.D. N.Y. 2006)*. In any event, "the restrictions contained in this order only apply to the discovery period and may be reconsidered if this case goes to trial." Id. (citation omitted).

**II. Failure To State A Claim For Intentional Infliction**

2009 U.S. Dist. LEXIS 27716, *14

### Of Emotional Distress

Defendant next asserts that Plaintiffs' claim for intentional infliction of emotional distress should be dismissed for failure to state a claim upon which relief can be granted. (SLU's Memo in Supp., PP. 7-8). Under Missouri law, the "essential elements" of a claim for intentional infliction of emotional distress are: "(1) the defendant's conduct must be outrageous or extreme; (2) the defendant must act intentionally or recklessly; (3) there must be extreme emotional distress that results in bodily harm; (4) caused by the defendant's conduct; and (5) the conduct must be intended solely to [*15] cause extreme emotional distress to the victim." *Crow v. Crawford & Co., 259 S.W. 3d 104, 119 (Mo. App. 2008)* (citation omitted). *See also, Conway v. St. Louis County, 254 S.W.3d 159, 165-66 (Mo. App. 2008)*. The Eastern District of Missouri recently confirmed these are the correct elements in applying Missouri law to a claim of intentional infliction of emotional distress. *Bakhtiari v. Beyer, 2008 U.S. Dist. LEXIS 60173, 2008 WL 3200820 at *5 (E.D. Mo. Aug. 6, 2008)*.

Upon consideration, the Court finds Plaintiffs fail to state a claim for intentional infliction of emotional distress, for two reasons. First, it is undisputed that Plaintiffs make no claim they suffered extreme emotional distress resulting in bodily harm; instead, in their response Plaintiffs maintain only that they need not plead bodily harm as part of their claim. (See Plaintiffs' Sugg. in Opp., P. 12 ("[T]here is no need for Plaintiffs to formally plead bodily harm and therefore no reason to dismiss based on failure to allege any bodily injury.")). [6] Second, Plaintiffs' Complaint does not allege that Defendant's conduct was intended "solely" to cause emotional distress to Plaintiffs. See *Bakhtiari, 2008 U.S. Dist. LEXIS 60173, 2008 WL 3200820 at *5; Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. 1997)*; [*16] *Conway, 254 S.W.3d at 166*. This portion of Defendant's Motion to Dismiss will therefore be granted.

> [6] *Bogan v. General Motors Corp., 500 F.3d 828 (8th Cir. 2007)*, does not support Plaintiffs' position. In that case, the Eighth Circuit held only that, "medically documented damages need not be proven for the tort of intentional infliction of emotional distress." *Id. at 832* (internal quotations and citation omitted). The Court neither discussed nor altered the underlying elements of the tort itself, including that Plaintiff must allege

"extreme emotional distress *resulting in bodily harm*." *Lingo v. Burle, 2007 U.S. Dist. LEXIS 69722, 2007 WL 2768385 at *2 (E.D. Mo. Sep. 20, 2007)* (citation omitted) (emphasis added).

### III. Doe Defendants 1-50

In its Motion to Dismiss, Defendant finally asserts that Plaintiffs' claims against the fifty unnamed defendants should be dismissed, because the Court cannot exercise jurisdiction over unnamed parties. (SLU's Memo in Supp., P. 9). "In general, fictitious parties may not be named as defendants in a civil action." *Irby v. Poplar Bluff City Comm'rs, 2009 U.S. Dist. LEXIS 14575, 2009 WL 482682 at *2 (E.D. Mo. Feb. 25, 2009)*, citing *Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994)*. "An action may proceed [*17] against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery." Id., citing *Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)*.

In the instant Complaint, the only substantive allegation against the Doe Defendants is as follows: "The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 to 50, inclusive, and each of them, are unknown to plaintiff, who therefore sues defendants by fictitious names and will amend this Complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to and proximately caused injuries and damages to plaintiff as herein alleged." (Compl., P 4). Upon consideration, the Court finds this allegation insufficiently specific to permit the identities of the Doe Defendants to be ascertained after reasonable discovery. *Williams v. Crawford, 2008 U.S. Dist. LEXIS 56338, 2008 WL 2967641 at *7 (E.D. Mo. Jul. 25, 2008)*. The Court therefore will grant [*18] this portion of Defendant's Motion to Dismiss. [7]

> [7] From the record, it appears that the names of several possible defendants actually are known to Plaintiffs. (See, e.g., Compl., PP 32, 35). Pursuant to this Court's Case Management Order, Plaintiffs have until April 13, 2009, within which to move to join additional parties and/or amend their pleadings. (See Doc. No. 22, P. 1). Furthermore, if through discovery Plaintiffs ascertain the

2009 U.S. Dist. LEXIS 27716, *18

identities of additional defendants, they are free to ask for leave of Court to add the additional parties by amendment. *Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).*

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Saint

Louis University's Motion to Dismiss (Doc. No. 8) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 2nd day of April, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE